## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:25-cv-00938-MOC

| | | |
|---|---|---|
| **MOSTAFA SAID,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER TO SHOW CAUSE AND** |
| | ) | **TEMPORARY RESTRAINING ORDER** |
| | ) | |
| **KRISTI NOEM, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on Petitioner's Petition for Writ of Habeas Corpus

Pursuant to 28 U.S.C. § 2241 and Complaint for Injunctive and Declaratory Relief [Doc. 1], in

which the Petitioner also seeks preliminary injunctive relief, and Petitioner's Emergency Motion

for Temporary Restraining Order and Preliminary Injunction ("Emergency TRO Motion") [Doc.

3].

Petitioner, a native and citizen of Egypt, entered the United States on September 9, 2024,

without inspection. [Doc. 1 at ¶ 15]. Petitioner asserts that, on November 21, 2025, he was

unlawfully detained by Immigration and Customs Enforcement (ICE) Enforcement and Removal

Operations (ERO) in Charlotte, North Carolina, without warning and without any possibility of a

bond hearing. [Id. at ¶¶ 27, 29; Doc. 1-7 at ¶ 5]. The same day, he filed the pending petition

seeking relief from that detention pursuant to 28 U.S.C. § 2241. [See Doc. 1]. Petitioner also seeks

*inter alia* the issuance of a temporary restraining order and preliminary injunction prohibiting

Respondents from removing or transferring the Petitioner outside the jurisdiction of this Court or

the United States pending adjudication of this case. [Id. at 12].

Petitioner has named as Respondents: Kristi Noem, the U.S. Secretary of Homeland

Security; Todd Lyons, Acting Director of ICE; Pamela Bondi, the U.S. Attorney General; and John Doe, Field Office Director for ICE in Charlotte. The Petition states that Respondent Doe has direct supervisory authority over Petitioner's detention and physical custody, that Respondent Noem indirect, legal custodian of the Petitioner; that Respondent Bondi is legally responsible for the continued detention and removal proceedings of the Petitioner; and that Respondent Lyon is responsible for the legal authority under which Petitioner is detained. [Id. at ¶¶ 11-14].

Upon consideration of the Petition and the attachments thereto and in accordance with 28 U.S.C. § 2243, the Court will require Respondents to respond to the Petition and show cause why the writ should not be granted no later than seven (7) days from the date of entry of this Order.

Preliminary injunctive relief is an extraordinary remedy afforded before trial at the discretion of the district court. In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 524-26 (4th Cir. 2003). It is an extraordinary remedy never awarded as of right. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 542 (1987). "[C]ourts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." Winter, 555 U.S. at 24. To obtain a preliminary injunction, the plaintiff must establish (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Id. at 20. *Ex parte* temporary restraining orders are an extraordinary remedy and are thus granted sparingly. Scotts Co. v. United Indus. Corp., 315 F.3d 264, 272 (4th Cir. 2002).

First, the Petitioner has shown that he is likely to succeed on the merits of the Petition. The

Petition and supporting exhibits demonstrate that Petitioner was seized without due process and has been classified as subject to mandatory detention without bond under 8 U.S.C. § 1225(b)(2)(A) based on Matter of Yajure-Hurtado, 29 I&N Dec. 216 (B.I.A. 2025), despite having entered the United States without inspection over a year ago.  The Court agrees that, upon the limited record presently before it, the Petitioner appears likely to succeed on the merits of his Petition.

Second, Petitioner is likely to suffer irreparable harm. Petitioner was previously released from ICE detention under the Alternatives to Detention-Intensive Supervision Appearance Program (ATD-ISAP) after he fled Egypt due to persecution and entered the United States without inspection.  Petitioner filed a Form I-589 asylum application with the Charlotte Immigration Court on November 21, 2024, and is scheduled for a Master Calendar Hearing on March 18, 2027. Petitioner, however, may be removed before he is able to proceed through immigration proceedings and obtain asylum.  This is sufficient to demonstrate irreparable harm. See Vitkus v. Blinken, 79 F.4th 352 (4th Cir. 2023) (finding a likelihood of irreparable harm where the petitioner's extradition to Lithuania during ongoing litigation would effectively deny him any ability to obtain permanent relief).

The balance of the equities and the public interest also weigh in favor of granting preliminary injunctive relief. Nken v. Holder, 556 U.S. 418, 435 (2009) (when one party is the government, these two factors merge and are properly considered together). The public has an interest in the prompt execution of removal orders, but it also has an interest in preventing noncitizens from being wrongfully removed, particularly when they may face torture or persecution after removal. Id.; see, e.g., Santamaria Orellana v. Baker, 2025 WL 2841886 (D. Md. Oct. 7, 2025) (granting a preliminary injunction where the petitioner was previously found to have a reasonable fear of persecution or torture if he were removed).  The public also "undoubtedly has

an interest in seeing its governmental institutions follow the law." <u>Vitkus</u>, 79 F.4th at 368. Accordingly, these factors also favor the granting of a preliminary injunction.

With all four <u>Winter</u> factors favoring relief, the Court will grant the preliminary injunctive relief requested in Petitioner's Petition pending consideration and adjudication of Petitioner's Emergency TRO Motion. [Doc. 3].

The Court will order Respondents to respond to Petitioner's Emergency TRO Motion, in which he requests that the Court issue an injunction requiring Respondents to provide him with an individualized bond hearing pursuant to 8 U.S.C. § 1226(a) or release Petitioner from custody under reasonable conditions of supervision.[1]  [Doc. 3].

**IT IS, THEREFORE, ORDERED** that

1. The Respondents shall file a **RESPONSE** to the Petition for Writ of Habeas Corpus [Doc. 1] and the Emergency Motion for Temporary Restraining Order and Preliminary Injunction [Doc. 3] no later than **seven (7) days** from the date of entry of this Order in accordance with the terms of this Order.

2. A **TEMPORARY RESTRAINING ORDER** is issued:

    a. The Court **ORDERS** that the Respondents and their agents, employees, and representatives are **ENJOINED** from removing the Petitioner **Mostafa Said** from the continental United States or altering his legal status.

    b. In accordance with Rule 65(b)(2), this TRO shall take effect immediately, and shall expire **FOURTEEN DAYS** from the day and time of this Order's entry unless otherwise extended by further order.

    c. The security requirement of Rule 65(c) is waived.

---

[1] Petitioner has already been moved from the Charlotte ERO to the Stewart Detention Center in Lumpkin, Georgia, which is in the Middle District of Georgia.  [Doc. 3-1 at ¶¶ 2-5: Qutieshat Dec.].

d. A violation of this TRO shall subject the Respondents and all other persons bound by this Order to all applicable penalties, including contempt of court.

e. Petitioner is directed to ensure that Respondents and/or the Petitioner's custodian are served immediately with this Order.

The Clerk is respectfully instructed to add the USA 2255 Group to ECF, and to email this Order to Gill P. Beck, Civil Chief, Assistant United States Attorney, United States Attorney's Office – Western District of North Carolina at Gill.Beck@usdoj.gov, and Janice Powers, Assistant United States Attorney, Civil Division, United States Attorney's Office – Western District of North Carolina, Janice.Powers@usdoj.gov.

This Order is issued on **11/25/2025** at **4:20** p.m.

**IT IS SO ORDERED.**
Signed: November 25, 2025

Max O. Cogburn Jr.
United States District Judge