| | | |
|---|---|---|
| MOSTAFA SAID, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| | ) | |
| KRISTI NOEM, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Federal Respondents' Opposition to Motion for Temporary Restraining Order and/or Preliminary Injunction ("Respondent's Opposition"). [Doc. 8].

On November 21, 2025, Petitioner Mostafa Said ("Petitioner") filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Injunctive and Declaratory Relief ("Petition"). [Doc. 1].

On November 25, 2025, Petitioner filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction ("Emergency TRO Motion"), asking the Court to order Respondents to provide him with an individualized bond hearing pursuant to 8 U.S.C. § 1226(a) or release Petitioner from custody under reasonable conditions of supervision. [Doc. 3]. Petitioner further asks the Court to enjoin Respondents from denying bond eligibility on the sole basis that Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2) and the BIA's decision in Yajure-Hurtado. [Id. at 1-2]. If Petitioner is released on bond or supervision, Petitioner additionally requests that the Court enjoin Respondents from rearresting him absent a new criminal conviction, a failure to appear at a properly noticed immigration or judicial proceeding, or detention pursuant to a final

order of removal.  [Id. at 2].

On December 2, 2025, the Respondents filed their Opposition to Motion for Temporary Restraining Order and/or Preliminary Injunction in which they contend *inter alia* that Petitioner is detained pursuant to 28 U.S.C. § 2255(b)(1), which mandates detention, not § 2255(b)(2), after revocation of his humanitarian parole granted under 8 U.S.C. § 1182(d)(5)(A).  [Doc. 8].

The Court will order Petitioner to reply to Respondents' Opposition and/or file an amended Emergency TRO Motion, as appropriate, within **three (3) days** of entry of this Order.  In this filing, Petitioner should address, if appropriate, the impact of Respondents' failure to allege or demonstrate compliance with 8 C.F.R. § 212.5(e)(2)(i) in revoking Petitioner's parole.

**IT IS, THEREFORE, ORDERED** that the Petitioner shall **REPLY** to the Federal Respondents' Opposition to Motion for Temporary Restraining Order and/or Preliminary Injunction [Doc. 8] and/or **FILE** an amended Emergency TRO Motion within **three (3) days** of entry of this Order in accordance with the terms of this Order.

**IT IS SO ORDERED.**

Signed: December 4, 2025

Max O. Cogburn Jr
United States District Judge