UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:25-cv-00938-MOC

| | |
|---|---|
| MOSTAFA SAID,　　　　　　　　　） | |
| 　　　　　　　　　　　　　　　　） | |
| 　　Petitioner,　　　　　　　　） | |
| 　　　　　　　　　　　　　　　　） | |
| vs.　　　　　　　　　　　　　　） | |
| 　　　　　　　　　　　　　　　　）　**ORDER** | |
| 　　　　　　　　　　　　　　　　） | |
| KRISTI NOEM, et al.,　　　　　） | |
| 　　　　　　　　　　　　　　　　） | |
| 　　Respondents.　　　　　　　） | |
| 　　　　　　　　　　　　　　　　） | |

**THIS MATTER** is before the Court on the filings of the parties in this matter to date.

On November 21, 2025, Petitioner Mostafa Said ("Petitioner") filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Injunctive and Declaratory Relief ("Petition"). [Doc. 1].

On November 25, 2025, Petitioner filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction ("Emergency TRO Motion"), asking the Court to order Respondents to provide him with an individualized bond hearing pursuant to 8 U.S.C. § 1226(a) or release Petitioner from custody under reasonable conditions of supervision. [Doc. 3]. Petitioner further asks the Court to enjoin Respondents from denying bond eligibility on the sole basis that Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2) and the BIA's decision in Yajure-Hurtado. [Id. at 1-2]. If Petitioner is released on bond or supervision, Petitioner additionally requests that the Court enjoin Respondents from rearresting him absent a new criminal conviction, a failure to appear at a properly noticed immigration or judicial proceeding, or detention pursuant to a final

order of removal.[1] [Id. at 2].

On December 2, 2025, the Respondents filed their Opposition to Motion for Temporary Restraining Order and/or Preliminary Injunction in which they contend *inter alia* that Petitioner is detained pursuant to 28 U.S.C. § 2255(b)(1), which mandates detention, not § 2255(b)(2), after revocation of his humanitarian parole granted under 8 U.S.C. § 1182(d)(5)(A) due to his alleged Intensive Supervision Appearance Program (ISAP) violations. [Doc. 8].

In light of Respondents' position, the Court ordered Petitioner to reply to Respondents' Opposition and/or file an amended Emergency TRO Motion, as appropriate, by December 8, 2025, addressing the impact of Respondents' failure to demonstrate compliance with 8 C.F.R. § 212.5(e)(2)(i) in revoking Petitioner's parole. [Doc. 9].

In response to this Order, Respondents filed a "Response to Court's Question" in which they now withdraw their argument that Petitioner's parole was revoked due to ISAP violations. [Doc. 10]. Respondents now contend that Petitioner's parole, which was granted on November 6, 2024, pursuant to INA § 212(d)(5)(A), codified at 8 U.S.C. § 1182(d)(5)(A), expired automatically after one year. [Id. at 2; see Doc. 10-1 at ¶ 4: Stephens Second Dec.; Doc. 10-1 at 2: Interim Notice Authorizing Parole].

Petitioner has now filed a Reply in Support of Motion for Temporary Restraining Order and/or Preliminary Injunction ("Petitioner's Reply"). [Doc. 11]. In reply, Petitioner points out several factual inconsistencies undermining Respondents' argument and continues to maintain that Petitioner is detained pursuant to § 1226(a), not § 1225(b)(1), and due a bond hearing. [Id. at 2-4]. Alternatively, Petitioner argues that even if he is detained under § 1225(b)(1), due process nonetheless requires he be afforded a bond hearing. [Id. at 4-5].

---

[1] Petitioner also requested and the Court ordered that Respondents be temporarily enjoined from removing him from the continental United States pending resolution of this matter. [Doc. 1 at 12; Doc. 5].

Given the factual and legal discrepancies presented by the parties, the Court will set this matter for hearing on **December 17, 2025**, at **2:00 p.m.**, in **Courtroom 5A** at the Courthouse in **Charlotte, North Carolina**.  The parties shall be prepared to discuss and address all matters before the Court.

The Court will also order Petitioner to file proof of service on the Defendants in this matter as soon as possible reflecting the date of service.  If Petitioner does not expect to promptly obtain service on Defendants in this matter, he must notify the Court as soon as possible.

Any supplemental briefing sought by the parties must be obtained and filed no later than 5:00 p.m. on December 15, 2025.

The Court will extend the Temporary Restraining Order entered on November 25, 2025, [Doc. 5] an additional 14 days to maintain the status quo and allow sufficient time to resolve the matters before the Court.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that this matter is **SET** for hearing on **December 17, 2025**, at **2:00 p.m.** in **Courtroom 5A** at the Courthouse in **Charlotte, North Carolina**.

**IT IS FURTHER ORDERED** that Petitioner shall **FILE** proof of service on Respondents in this matter as soon as possible reflecting the date of service or, alternatively, **NOTIFY** the Court in writing as soon as possible if prompt service is not expected.

**IT IS FURTHER ORDERED** that any supplemental briefing sought by the parties must be obtained and filed no later than **5:00 p.m.** on **December 15, 2025**.

**IT IS FURTHER ORDERED** that the Temporary Restraining Order entered on November 25, 2025, [Doc. 5] is hereby **EXTENDED** an additional 14 days.

**IT IS SO ORDERED.**

Signed: December 9, 2025

Max O. Cogburn Jr
United States District Judge